[Civ. No. 8605. Second Appellate District, Division One.—April 15, 1935.]

F. S. LACK, Respondent, v. WILLIAM AKINS et al., Defendants; D. M. CUTHBERT et al., Appellants.

W. A. Martin and Leland S. Bower for Appellants.

John L. Schaefer for Respondent.

YORK, J.—Appellants' statement of the questions involved in this appeal is as follows:

"1. The maker and guarantors of a promissory note delivered it to a party, to borrow from the named payee, the money therein recited, to pay a debt to a third party, and the party receiving it, being neither maker, endorser, nor guarantor thereof, but a record stranger thereto, borrowed nothing thereon, but without the knowledge, consent or request of the maker or guarantors, paid said third party from his personal funds, and left the note with the payee for collection from the maker and guarantors, and never advised them that he had paid the debt, or that the loan was not procured from the payee; subsequently, and after

maturity of said note, taking an assignment thereof from payee, without any consideration; Query—Can assignee recover in an action upon said note against the maker or guarantors?

"2. Under above status, can assignee recover in such action, when supplemented by either of the following additional facts: (a) When the assignee was primarily jointly liable for said obligation to said third party; and, or (b) Was a stockholder in the corporation maker; and, or (c) when he had stated to the maker and guarantors, prior to, and/or, at the time of the making and guaranty of it, that he would pay it and hold them harmless thereon, which was the procuring cause of them so executing said note."

It will be noted that the "and/or" is in the quotation and is *not* this court's language.

We think that the questions involved, as stated by appellants, are answered completely by the fact that this is an action for money due on a promissory note, brought by plaintiff, assignee of the payee, against the guarantors and endorsers of the note. The undisputed evidence shows that the defendants and the Paramount Motors Corporation of the Pacific, a corporation, maker of the note, were anxious to raise the amount of money named in the note, and that plaintiff paid the money by drawing his check on the bank, named payee of the note, and that he (the plaintiff) was the real owner of the note at all times, although it may have been held as security by said association, either as security for an obligation of the plaintiff, or as trustee for the plaintiff, or possibly both, but this would not, as we view the matter, make any change in the situation. It seems to be a very simple transaction. The defendants and the Paramount Motors Corporation of the Pacific were desirous of obtaining the money for a definite purpose, the money was obtained by the plaintiff for them, and they actually used it for such purpose, and two of the defendants are now appealing from a judgment for the balance unpaid of that same money. Therefore, as we view the situation, it would make no difference as to the judgment herein whether the plaintiff stated in detail the exact conditions under which he secured the money (even if in writing—which it was *not*), so long as the money was actually secured and used in accordance with the desires of all of the defendants.

The endorsement signed by defendants is as follows:

"For Value received, I hereby guarantee payment of the within obligation and all renewals or extensions thereof, and I hereby waive presentation, demand, protest, notice of protest and notice of nonpayment.

"Signed D. M. CUTHBERT

"(Signed) WILLIAM AKINS,
"(Signed) N. E. BLISS,
"(Signed) S. S. SMITH,
"(Signed) L. W. COFFEE,
"(Signed) R. E. CLAPP."

The answer of defendants denied that any valuable consideration for the note was received by the Paramount Motors Corporation of the Pacific; they denied endorsements by the defendants in an ambiguous way, using "and/or", and as a further and separate defense, they allege the execution and delivery of the endorsement without any consideration or value passing to the defendants Cuthbert, Akins, Bliss, or either of them. They also allege the obligation of the plaintiff and defendant Clapp, and that the Paramount Motors Corporation of the Pacific executed the note, and that each and every of the endorsers and guarantors of the said note assumed the position only of the liability of an accommodation maker and endorser respectively. They also allege certain agreements between the parties (with no allegation or proof that any of these agreements set up were in writing) which defendants claim would cancel the written instrument as to such appellants. They then allege that the defendants paid the note in accordance with these oral agreements, and allege that the assignment to the plaintiff by the bank was of no force and effect.

However, the evidence as shown by the transcript does not support any of the defenses as set forth in the answer, and there is sufficient evidence in the record to support each and every finding made by the trial court. There was really nothing complicated about the transaction itself, as shown by the record. It was merely the raising of certain moneys which Paramount Motors Corporation of the Pacific had to pay to the city of Azusa in order to obtain certain concessions and in order to obtain certain reductions in amounts due from it. It was to the advantage of appellants to have this money secured. The money that was turned over to the Paramount Motors Corporation of the Pacific,

or on its order or at its request, was either the money of the plaintiff or money obtained by him in such a way that it became his money before it was so turned over. This money evidenced by this note sued on was never repaid to anyone, and plaintiff is the owner of this note.

The judgment is affirmed.

Conrey, P. J., concurred.

Houser, J., concurred in the judgment.